IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MARK ALLEN | § | |
| v. | § | CIVIL ACTION NO. 9:13cv132 |
| GIB LEWIS UNIT OFFICIALS, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Mark Allen, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Allen complains that he suffers from "excessive food contamination," including being fed a "contaminated sandwich" at the Gib Lewis Unit on or around January 23, 2013. He expressly stated in his complaint that he had not exhausted his administrative remedies, but has sought a "judicial exemption" to the exhaustion requirement. Allen claimed that he had submitted grievances to which no answer was received, but offered nothing to substantiate this assertion.

On July 18, 2013, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed for failure to exhaust administrative remedies. On July 25, 2013, Allen filed a "motion to alter judgment," although no judgment has been entered; in the interest of justice, this motion will be treated as objections to the Report.

In the motion to alter judgment, Allen states that he is not the author of the documents filed because he has an IQ of 77. He asks that the Court protect him with a preliminary injunction or

1

temporary restraining order while "the court considers whether or not [to] wait for Plaintiff to exhaust grievance procedure." He says that he has received treatment for a "stomach infection" and states that he filed a Step Two grievance on July 16, 2013, but it was returned to him as out of time. He also has another Step Two grievance which was awaiting a response as of July 17, 2013.

Allen's pleadings make clear that he did not exhaust his administrative remedies as of the filing of the complaint. This is shown not only by his admission that he did not exhaust his administrative remedies, but also by the fact that he states he still has a grievance pending as of July 17, 2013, which is well after the lawsuit was filed. His claim of "imminent danger" fails to show a basis for excusing the exhaustion requirement. *See generally* Kidd v. Livingston, civil action no. 6:09cv342, 2011 WL 1363767 (E.D.Tex., April 11, 2011) (dismissing claim based on failure to exhaust administrative remedies despite the plaintiff's claim that he was in imminent danger), *aff'd* 463 Fed.Appx. 311, 2012 WL 614372 (5th Cir.), *cert. denied*, 133 S.Ct. 136 (2012). The Supreme Court has made clear that the exhaustion requirement applies to all lawsuits concerning prison life and that the exhaustion requirement must be "strictly observed" regardless of the relief offered through administrative procedures. Porter v. Nussle, 534 U.S. 516, 532 (2002); Booth v. Churner, 532 U.S. 731, 741 (2001). Allen's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 21) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice for failure to exhaust administrative remedies. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

So **ORDERED** and **SIGNED** this 5   day of **August, 2013.**

_____
Ron Clark, United States District Judge